IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff, ) CRIMINAL ACTION
v. )
) No. 12-20093-01-KHV
BRETT W. ELLIS, )
)
Defendant. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion To Suppress Evidence (Doc. #24) filed October 19, 2012. On November 26, 2012, the Court held a hearing on defendant's motion. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

Based on the proffers from counsel and the testimony at the hearing on defendant's motion, the Court finds the following facts:

The Green Circle in Kansas City, Missouri is a store which sells hydroponic grow equipment that individuals sometimes use to grow marijuana. On March 16, 2011 at 1:07 p.m., Missouri Highway Patrol Trooper Wingo saw a white male individual make a purchase at the store, exit the store and get into a Ford sedan. Trooper Wingo gave the vehicle information to law enforcement officers who determined that the car was registered to Brett Ellis at 134 North Center, Apartment D in Gardner, Kansas.

On April 15, 2011, Sergeant Reddin of the Sheriff's Office in Johnson County, Kansas found a single trash bag in the community dumpster located behind defendant's residence. Officers searched the trash bag and verified that it belonged to defendant. Within the bag, officers found an unopened letter from Farmer's Insurance Group addressed to defendant, printed e-mail

correspondence of defendant, and several green leaves including three small whole leaves which Sergeant Reddin recognized as marijuana leaves.[1] In addition, officers found a zip lock baggie with a piece of paper with the notation "White Widow (H)" written on it. Based on a Google search, officers learned that the phrase "White Widow" relates to the White Widow marijuana strain. Officers found links to web sites where seeds of that particular strain could be purchased. Officers conducted a field test of the vegetation seized from the trash bag. The test resulted in a positive indication for the presence of THC, the active ingredient in marijuana. As with any field test, the test was presumptive, but not conclusive, for the presence of the substance.

Sergeant Reddin is an experienced law enforcement officer who has been involved in at least ten investigations of indoor marijuana grow operations. Through his training and experience, he has come to recognize that the presence of marijuana leaves is often indicative of the presence of live marijuana plants. Based on the above information, Mark Burns, a Deputy Sheriff with the Johnson County Sheriff's Department, prepared an affidavit for search warrant and presented it to Judge Kevin Moriarty of the District Court of Johnson County, Kansas. Judge Moriarty found probable cause to search defendant's apartment and issued a warrant. The warrant authorized the search and seizure of "all computers, computer software, computer systems, computer networks and supporting documentation, as defined in K.S.A. 21-3755(a)(2),(3),(5),(6), and (10), and all electronic and magnetic media stored therein, together with all storage devices, internal and external to the computer or computer system, including but not limited to: floppy disks, diskettes, hard disks, CD

---

[1] The printed email correspondence related to the purchase and shipment of a carbon dioxide (CO2) regulator valve. Defendant had inquired whether a certain valve would fit a certain size CO2 tank. A CO2 regulator valve is part of the equipment which individuals use to cultivate marijuana.

Roms, DVD ROMs, magnetic tapes, removable media drives, optical media, printers, modems, fax machines, digital scanners, digital cameras, system servers, video displays, and any other electronic or magnetic devises used as peripheral to the computer, or computer systems, for violations of K.S.A. 21-36a05, indicia of ownership, user information, identifying or purporting to identify a user, installer, or licensee of operating system software or application software or data affiliation, of the above described items and documents, images, or correspondence." Search Warrant at 1, attached as Exhibit B to Defendant's Motion To Suppress Evidence (Doc. #24).

**Analysis**

Defendant argues that (1) the warrant for his apartment was not based on probable cause, and (2) the warrant which authorized the search of computers and electronic media is overbroad because it is not limited to evidence of a specific crime.

**I. Probable Cause For Warrant To Search Defendant's Apartment**

Defendant argues that the warrant for his apartment was not based on probable cause.[2] Because law enforcement officers searched the apartment pursuant to a warrant, defendant has the burden of proof to show that officers did not establish probable cause for the warrant. See United States v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994).

The Fourth Amendment Warrant Clause provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation." Franks v. Delaware, 438 U.S. 154, 164 (1978). A warrant affidavit must set forth particular facts and circumstances underlying the existence of

---

[2] During the search of defendant's computer for evidence of marijuana cultivation and trafficking, officers found evidence related to defendant's receipt and possession of child pornography. Officers obtained a subsequent warrant to search for evidence related to the child pornography charges. Defendant does not challenge the issuance of the subsequent warrant.

probable cause, so as to allow the issuing judge to make an independent evaluation of the matter. Id. at 165. When reviewing a determination of probable cause for a search warrant, the Court must consider the totality of the circumstances and determine whether the affidavit establishes a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Roach, 582 F.3d 1192, 1200 (10th Cir. 2009). The Court does not require "hard evidence" or personal knowledge of illegal activity to link an individual's suspected unlawful activity to his home. United States v. Biglow, 562 F.3d 1272, 1279 (10th Cir. 2009). Rather, "a sufficient nexus is established once an affidavit describes circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." Id.

An issuing judge's finding of probable cause should be accorded "great deference," and the Court asks only whether the issuing judge had a "substantial basis" for finding probable cause. United States v. Wittgenstein, 163 F.3d 1164, 1172 (10th Cir. 1998) (quoting Lawmaster v. Ward, 125 F.3d 1341, 1348 (10th Cir. 1997)); see United States v. Cooper, 654 F.3d 1104, 1124 (10th Cir. 2011). The issuing judge is permitted to draw reasonable inferences from the affidavit. See Biglow, 562 F.3d. at 1280-82 (court considers affidavit in flexible, common sense manner).

The search warrant for the apartment was based primarily on information that (1) a white male driving defendant's car was seen leaving The Green Circle after making a purchase, (2) officers knew that The Green Circle is a store which sells equipment that indoor growers use to grow marijuana, (3) officers pulled trash from the dumpster behind defendant's apartment and found one trash bag with green leaves which field tested positive for the presence of THC, a piece of paper with "White Widow (H)" written on it, and printed email correspondence from defendant inquiring about the shipment of a $CO_2$ regulator valve, (4) officers learned that White Widow is a particular

strain of marijuana, and (5) officers knew that a CO2 regulator valve is part of the equipment which individuals use to cultivate marijuana. Deputy Burns advised Judge Moriarty that based upon his training and experience, it takes 60 to 90 days for a marijuana plant to grow to maturity and harvest. Further, Deputy Burns stated that marijuana is often grown for sale and that some sales occur at the dealers' residences. Finally, Deputy Burns advised that narcotics dealers commonly keep records of illegal activity in their residences.

Based on the above information, Judge Moriarty could conclude that a person of reasonable caution could infer that contraband or evidence of a crime would be found at defendant's apartment. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Given the fact that officers found a printed email within defendant's trash, seeking information about equipment used to grow marijuana, and the fact that documents and records are often kept digitally, probable cause also existed to search the computer equipment. For these reasons, the Court concludes that Judge Moriarty had a substantial basis for finding that probable cause existed to search defendant's apartment including his computer. Accordingly, the Court overrules defendant's motion to suppress based on this ground.

**II.    Scope Of The Warrant**

Defendant argues that the warrant which authorized the search of computers and electronic media is overbroad because it is not limited to evidence of a specific crime. The Fourth Amendment requires that a search warrant describe the things to be seized with sufficient particularity to prevent a "general, exploratory rummaging in a person's belongings." Voss v. Bergsgaard, 774 F.2d 402, 404 (10th Cir. 1985) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)). The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which probable cause has been demonstrated. Id. The

requirement that warrants particularly describe the things to be seized makes general searches impossible and prevents the seizure of one thing under a warrant describing another. Marron v. United States, 275 U.S. 192, 196 (1927). As to what is to be taken, nothing is left to the discretion of the officer executing the warrant. Id.

The test applied to the description of the items to be seized is a "practical one," United States v. Leary, 846 F.2d 592, 600 (10th Cir. 1988), and the language in warrants is to be read in a "common sense fashion," In re Search of Kitty's East, 905 F.2d 1367, 1374 (10th Cir. 1990). A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized. Leary, 846 F.2d at 600; United States v. Wolfenbarger, 696 F.2d 750, 752 (10th Cir. 1982). As an irreducible minimum, a proper warrant must allow the executing officers to distinguish between items that may and may not be seized. Leary, 846 F.2d at 602. Moreover, even a warrant that describes the items to be seized in broad or generic terms may be valid "when the description is as specific as the circumstances and the nature of the activity under investigation permit." Id. at 600 (quoting United States v. Santarelli, 778 F.2d 609, 614 (11th Cir. 1985)).

Defendant objects to the portion of the warrant which authorized the search of computers and electronic media because it is not limited to evidence of a specific crime.[3] The warrant (and the affidavit) specifically state that as to computers and electronic media, the search is related to violations of K.S.A. § 21-36a05 (now at K.S.A. § 21-5705), which prohibits the unlawful cultivation

---

[3] The other clauses of the warrant identifying information to be searched and seized do not specifically identify the state statute, but nearly every clause is limited to evidence related to marijuana or marijuana cultivation. See Search Warrant, Clause 1 (marijuana in all forms including plants, seeds and marijuana in any stages of growth or processing); Clause 2 (items associated with "marijuana cultivation"); Clause 4 (manuals on the "cultivation of marijuana").

or distribution of controlled substances including marijuana. In context, the clause related to computers and electronic media is directed at recovering evidence of the potential unlawful cultivation and distribution of controlled substances, particularly marijuana. Cf. United States v. Brown, 984 F.2d 1074, 1077 (10th Cir. 1993) (language authorizing search for "any other item which the officers determine or have reasonable belief is stolen" overbroad); Leary, 846 F.2d at 594, 602 (unadorned reference to broad federal statute does not sufficiently limit scope of search warrant); Voss, 774 F.2d at 405 (in tax fraud investigation, warrant authorizing seizure of all business records overbroad). Here, the description of the items to be seized was sufficient to provide a meaningful limitation on the search. The warrant does not authorize a general search and the officers did not conduct a general exploratory search of defendant's apartment in the hopes of turning up some unknown indication of illegality. The affidavit and warrant clearly seek information related to the cultivation or distribution of marijuana and that is what officers seized. The Court concludes that the portion of the warrant related to computers and electronic media is not overbroad and the officers did not unlawfully exceed the scope of the warrant.[4] The Court overrules defendant's motion to suppress based on the scope of the warrant.

## III.   Leon Good Faith Exception

In the alternative, the government asserts that the Court must overrule defendant's motion under the good faith exception in United States v. Leon, 468 U.S. 897 (1984). Under Leon, even if the warrant lacked probable cause, the evidence obtained during the search is admissible if police

---

[4] Where a warrant contains both specific as well as unconstitutionally broad language, the broad portion may be redacted and the balance of the warrant considered valid. United States v. Hugoboom, 112 F.3d 1081, 1087-88 (10th Cir. 1997). In such cases, only those items confiscated under the overbroad portion of the warrant are suppressed. Id.

officers acted in good faith and reasonably relied on the search warrant. United States v. Price, 265 F.3d 1097, 1102 (10th Cir. 2001); see Leon, 468 U.S. at 913. The good faith inquiry is limited to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization. Leon, 468 U.S. at 922 n.23; United States v. Cook, 854 F.2d 371, 372 (10th Cir. 1988). The government bears the burden of proving that its agents' reliance on the warrant was objectively reasonable. United States v. Corral-Corral, 899 F.2d 927, 932 (10th Cir. 1990). To determine whether officers relied in good faith on a warrant, the Court must examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presumed the warrant to be valid. United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993); Corral-Corral, 899 F.2d 932; see also Price, 265 F.3d at 1102 (issue whether affidavit and search warrant sufficient to merit reasonable reliance by officers).

In evaluating the good faith principle, the Court presumes that when an officer relies upon a warrant, the officer is acting in good faith. McKneely, 6 F.3d at 1454. Though not absolute, this presumption carries "some weight." Id. In addition, the knowledge and understanding of law enforcement officers and their appreciation for constitutional intricacies are not to be judged by the standards applicable to lawyers. United States v. Bishop, 890 F.2d 212, 217 (10th Cir. 1989). Good faith is absent only when an officer's reliance was "wholly unwarranted," McKneely, 6 F.3d at 1454, or "entirely unreasonable," Leon, 468 U.S. at 923.

The Supreme Court has noted that the good faith exception to the exclusionary rule does not apply in four situations: (1) where the magistrate in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless

disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where a warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923.

Defendant contends that the first, second and fourth exceptions apply here. Defendant argues that the statement that he was at The Green Circle on March 16, 2011 is false, but the affidavit only states that a white male left the store and that the individual was driving what was later identified as defendant's car. The affidavit did not assert that defendant was at the store.[5] Defendant has not identified any credible evidence or plausible theories which would support his assertion that the good faith exception should not apply. Based on the text of the warrant and the affidavit, officers reasonably presumed that the warrant was valid. Accordingly, as an alternative, the Court finds that the search of defendant's apartment was valid under the good faith exception in Leon.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Suppress Evidence (Doc. #24) filed October 19, 2012 be and hereby is **OVERRULED**.

Dated this 10th day of December, 2012 at Kansas City, Kansas.

                                                              s/ Kathryn H. Vratil
                                                              Kathryn H. Vratil
                                                              United States District Judge

---

[5]     In any event, defendant has not presented evidence which establishes that he did not make the purchase at The Green Circle at 1:07 p.m. on March 16, 2011. As alibi evidence, defendant has proffered a receipt dated March 16, 2011 at 1:48 p.m. from a hydroponics store at 3617 St. John in Kansas City, Missouri. The two hydroponics stores are located only three miles apart, however, so defendant could have been at both locations. Accordingly, the proffered receipt does not prove that defendant did not also purchase items at The Green Circle.

-9-